**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 5:21-cr-65 (MTT)** |
| | ) | |
| **TRAVIS BALL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

The Government moves in limine (Doc. 51) to admit three letters allegedly sent

by defendant Travis Ball in the name of "Terry Lee Yancey."  Docs. 51-1, 51-2, 51-3.

For the reasons stated below, and as discussed at the pretrial conference, the

Government's motion (Doc. 51) is **GRANTED**.[1]

## I. BACKGROUND

On November 17, 2021, defendant Travis Ball was indicted on one count of

making threats against the President in violation of 18 U.S.C § 871.  Doc. 1.  The

Government alleges that the defendant mailed a letter on March 8, 2021, to the White

House in which he threatened the President.  *Id*.  The Government moved in limine to

admit three letters allegedly sent and written by the defendant in March of 2021 to the

Jones County Sheriff's Office, the Jones County Superior Court Clerk's office, and the

Sheriff of Jones County.  Doc. 51 at 2.  All three letters were signed "Terry Lee Yancey"

and all three stated "have some anthrax."  Docs. 51-1, 51-2, 51-3.  The letter allegedly

---

[1] As discussed and agreed upon at the pretrial conference, the Court defers ruling on the admissibility of the defendant's prior conviction.  Doc. 49.

sent by the defendant to the White House was also signed "Terry Lee Yancey" and

stated, "Have Some Anthrax You Bastards."  Doc. 51 at 2.

Explaining why it wants to admit these letters, the Government stated:

> The Government expects the evidence at trial will show that the Defendant
> has known Terry Lee Yancey's spouse, Selena Yancey, since they were
> in high school together.  The evidence is further expected to show that the
> Defendant has expressed romantic desires for Mrs. Yancey since they first
> knew each other.  It is believed that the Defendant sent the threat letter to
> the President in an effort to "frame" Mr. Yancey for this offense, as both
> retribution of having been Mrs. Yancey's spouse, as well as to incarcerate
> Mr. Yancey so that the Defendant could attempt to romantically pursue
> Mrs. Yancey.

*Id*.

The Government argues the letters are admissible because they are "necessary

to complete the story of the crime charged[.]"  Doc. 51 at 2.  The Government also

seems to invoke Fed. R. Evid. 404(b), arguing that the letters help establish (1) identity,

given that the defendant entered a not guilty plea, and (2) motive, to show why

defendant would sign the letters "Terry Lee Yancey."[2]  *Id*.

## II. DISCUSSION

Evidence of extrinsic acts is generally inadmissible.  "Evidence of any other

crime, wrong, or act is not admissible to prove a person's character in order to show

that on a particular occasion the person acted in accordance with the character."  Fed.

R. Evid. 404(b)(1).  However, "[t]his evidence may be admissible for another purpose,

such as proving motive, opportunity, intent, preparation, plan, knowledge, identity,

absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  But not all evidence

of other acts is extrinsic—"such evidence is admissible if it is (1) an uncharged offense

---

[2] The defendant does not contend the Government failed to give appropriate notice of its intent to offer the letters at trial.

which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000) (citation and internal quotation marks omitted); *see also United States v. Cancelliere*, 69 F.3d 1116, 1124 (11th Cir. 1995) ("Evidence of criminal activity other than the offense charged … is not extrinsic evidence if it is inextricably intertwined with the evidence of the charged offense.").  Furthermore, "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985).

The three letters the Government moves in limine to admit are "inextricably intertwined with the evidence regarding the charged offense" and are also "necessary to complete the story of the crime." *Jiminez*, 224 F.3d at 1249.  For example, in *United States v. Covington*, the Eleventh Circuit found that an assault by the defendant on his ex-girlfriend and jail correspondence between the defendant and that ex-girlfriend were not extrinsic where the defendant was charged with murder for hire of the ex-girlfriend, who planned to testify against the defendant.  565 F.3d 1336, 1342 (11th Cir. 2009).  The court reasoned that this evidence would showcase the defendant's motive, was "necessary to complete the story of the crime," and was "integral and natural parts of an account of the crime." *Id*. (citation and brackets omitted).  Just as in *Covington*, the three letters here are necessary to complete the story of defendant's alleged criminal

scheme to frame Terry Lee Yancey and are also integral parts of the account and "time and circumstances" of the charged crime.[3]  In short, the three letters and the letter threatening the President are evidence of one scheme with one objective.  Therefore, the letters are inextricably intertwined with the evidence—the letter to the White House—of the charged offense.

Accordingly, the Government's motion in limine to admit the three letters is **GRANTED**.

**SO ORDERED**, this 12th day of September, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] In addition, the Court agrees that even if the letters were extrinsic, they nevertheless would be admissible pursuant to Fed. R. Evid. 404(b) because they tend to prove motive and identity.  Specifically, the letters tend to prove "the handiwork of the accused."  *United States v. Miller*, 959 F.2d 1535, 1539 (11th Cir. 1992).