# UNITED STATES DISTRICT COURT
## for the
## Middle District of Georgia

| | |
|---|---|
| United States of America <br> v. <br> Travis Leroy Ball <br><br> Date of Original Judgment: 12/01/2022 <br> Date of Previous Amended Judgment: N/A <br> *(Use Date of Last Amended Judgment if Any)* | Case No: 5:21-CR-65-001 (CAR) <br><br> USM No: 70241-019 <br><br> Timothy Saviello <br> *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of ☐ the Defendant ☐ the Director of the Bureau of Prisons ☒ the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, arguments by the parties, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is: ☒ DENIED.

Travis Leroy Ball was originally sentenced on November 30, 2022, to a term of 33 months imprisonment (to be served consecutively to any probation revocation sentence imposed in Upson County Superior Court Case 13R288 and to any sentence imposed in Jones County Superior Court that arose from defendant's 3/23/2021 arrest) followed by a three-year term of supervised release. At sentencing, the Court determined his Total Offense Level was 14 and his Criminal History Category was IV, yielding an advisory sentencing range of 27 to 33 months.

On November 1, 2023, amended Sentencing Guidelines went into effect that reduced criminal history "status points" (being under a criminal justice sentence at the time the offense is committed). Specifically, USSG §4A1.1(e) reduced the number of status points assessed from two (2) points to one (1) point *if* the defendant receives seven (7) or more points under subsections (a) – (d) and was under a criminal justice sentence at the time he committed the instant offense. In this case, the defendant's subtotal criminal history score was six (6). Two (2) points were added for a total criminal history score of eight (8) resulting in a Criminal History Category IV. Under the newly created guideline, no criminal history "status points" would be assessed. Therefore, his total criminal history points would be six (6), his Criminal History Category would be III, and his advisory sentencing range would be 21 to 27 months.

The government agreed the defendant is *eligible* for relief pursuant to the retroactive amendment; however, it objected to any sentence reduction based upon the new criminal conduct to which the defendant pled and was sentenced (U.S. District Court Case 5:23-CR-55-001(CAR)) involving sending threatening communications within weeks of sentencing in this case. The Court believes the sentence originally imposed is an appropriate sentence and considering his new criminal conduct and public safety considerations, the Court **DENIES** any sentence reduction pursuant to Amendment 821.

Except as otherwise provided, all provisions of the judgment dated ___12/01/2022___ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: 3 June 2025

*Judge's signature* (C. Ashley Royal)

Effective Date: _____

C. Ashley Royal, Senior U.S. District Judge
*Printed name and title*
*(if different from order date)*